IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NOLAN CLONINGER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 18 CV |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, NOLAN CLONINGER, by and through his attorneys, KINGERY DURREE WAKEMAN & O'DONNELL, ASSOC., for his Complaint against the UNITED STATES OF AMERICA, alleges as follows:

### Count I - Negligence - U.S. Postal Service

**I.  Introduction**

1. Count I is a civil action for money damages against, UNITED STATES OF AMERICA, for personal injuries caused by the negligent acts or omissions of employees of the U.S. Postal Service ("USPS").

**II.  Jurisdiction and Venue**

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1346(b)(Federal Tort Claims Act).

3. Venue is proper pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to this claim occurred within the Peoria Division of the United States District Court for the Central District of Illinois and pursuant to 28 U.S.C. §1391(e)(2) because the claim involves an action against an agency of the United States of America - namely the U.S. Postal Service ("USPS").

**III.  Parties**

4. Plaintiff, NOLAN CLONINGER, is a citizen and resident of the State of Illinois.

5. USPS is an agency of the UNITED STATES OF AMERICA. The USPS facility involved herein, operates out of its principal place of business located at 95 State Street, Peoria, County of Peoria, State of Illinois.

**IV.  Administrative Claims**

6. Plaintiff filed administrative claims pursuant to 28 U.S.C. §2401(b) on or about January 7, 2016, which were received by the appropriate governmental agency - the U.S. Postal Service on January 19, 2016, within six months after Plaintiffs' claims accrued, November 17, 2015, being the date of Plaintiff's accident. On May 9, 2017 an Amended Claim for Damage, Injury or Death was filed with the USPS, which claim was received by the USPS on May 12, 2017. True and correct copies of Plaintiff's administrative claims are attached hereto as Exhibits "A" and "B", respectively.

7. Plaintiff filed this action pursuant to 28 U.S.C. §2675(a) because the UNITED STATES OF AMERICA - U.S. Postal Service, has denied Plaintiff's administrative claim on the grounds that Plaintiff and USPS were not able to reach a mutually satisfactory settlement of the claim pursuant to a denial letter from USPS, dated December 21, 2017, a true and correct copy of which is attached hereto as Exhibit "C".

**V.  Facts**

8. The incident complained of herein occurred on or about November 17, 2015, in the City of Peoria, County of Peoria, and State of Illinois at approximately 9:15 a.m.

9. On or about November 17, 2015, the Plaintiff, NOLAN CLONINGER, was employed

by the H3 Group, LLC, which conducted business operations out of a warehouse building, with a semi-tractor/trailer loading dock, located at 900 SW Washington Street, Peoria, Illinois.

10. At the aforesaid time and place, NOLAN CLONINGER was standing in the outside Northbound lane of Washington Street, directing and stopping traffic, to enable the driver of a semi-tractor/trailer truck to back out and exit from a garage located at 900 SW Washington Street, Peoria, IL.

11. On or about November 17, 2015, Deborah L. Springhart, was employed by the Defendant, the UNITED STATES OF AMERICA.

12. At all times mentioned herein, Deborah L. Springhart was acting within the scope and course of her employment.

13. At the aforesaid time and place, Deborah L. Springhart was driving a 1989 USPS mail truck in the outside, northbound lane of southwest Washington Street.

14. At the aforementioned time and place, Plaintiff, NOLAN CLONINGER, saw the approaching mail truck, driven by Deborah Springhart, and held his arm up to stop northbound traffic.

15. Believing that Springhart was slowing and attempting to stop her vehicle, Plaintiff, NOLAN CLONINGER, then signaled the driver of the semi-tractor/trailer to back up his vehicle and turn onto Washington Street.

16. At the aforementioned time and place, Defendant's mail truck driver, Deborah L. Springhart, had a duty to use due care and caution in the operation of her vehicle.

17. At the aforementioned time and place, the Defendant's mail truck driver, Deborah L. Springhart, committed one or more of the following negligent acts, omissions, and/or violations

of statute in that she:

    (a)    Failed to keep a safe and proper lookout ahead;
    (b)    Failed to maintain safe and proper control over her vehicle;
    (c)    Violated 625 ILCS 5/11-601(a) in that she:
        (i)    Drove her vehicle at a speed which was greater than reasonable and proper with regard to the traffic conditions and weather, including the presence of Plaintiff, directing traffic;
        (ii)    Failed to decrease the speed of her vehicle when approaching an intersection;
        (iii)    Failed to decrease the speed of her vehicle when a special hazard existed by virtue of the presence upon the roadway of the Plaintiff, directing traffic, and the exiting semi-tractor/trailer; and
        (iv)    Failed to decrease the speed of her vehicle to avoid colliding with the Plaintiff.
    (d)    Drove her vehicle while distracted, and failed to see Plaintiff in the roadway until she struck him with her vehicle.

18. As a direct and proximate result of one or more or all of the foregoing negligent or careless acts, omissions and/or violations of statute, the Defendant's, USPS truck struck the Plaintiff, while he was standing in the roadway, causing Plaintiff's injuries and damages as follows: A severely broken leg; back injuries; the development of a serious bone infection in the leg; pain and suffering, past and future; disability, past and future; medical and hospital expenses, past and future; impaired ability to participate in the normal activities of daily living, past and future; injury and damage to a normal life, past and future; mental anguish, past and future; and loss of earnings and wages, past and future.

WHEREFORE, Plaintiff, NOLAN CLONINGER, prays for the judgment against the Defendant, the UNITED STATES OF AMERICA, in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00) and for his costs of suit, or for such sum as the Court deems reasonable and proper to compensate him for his injuries and damages and for his costs of suit herein.

                        Respectfully submitted,
                        NOLAN CLONINGER, Plaintiff,

                        By: /s/ Steven A. Wakeman
                              Steven A. Wakeman

Steven A. Wakeman
Christopher H. Sokn
**KINGERY DURREE WAKEMAN**
      **& O'DONNELL, ASSOC.**
416 Main Street
Commerce Building, Suite 915
Peoria, IL 61602-1166
Phone: (309) 676-3612
Fax: (309) 676-1329
sawakeman@kdwolaw.com
chsokn@kdwolaw.com

## CERTIFICATE OF SERVICE

    I, CHRISTOPHER H. SOKN, attorney for the Plaintiff, hereby certify that on January 5, 2018, I electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

U.S. Attorney for the Central District of Illinois, 211 Fulton Street, Suite 400, Peoria, IL 61602

                                            By:   /s/ Christopher H. Sokn
                                                       Attorney for Plaintiff

Steven A. Wakeman
Christopher H. Sokn
KINGERY DURREE WAKEMAN
      && O'DONNELL, ASSOC.
416 Main Street
Commerce Building, Suite 915
Peoria, IL 61602-1166
Phone: (309) 676-3612
Fax: (309) 676-1329
sawakeman@kdwolaw.com
chsokn@kdwolaw.com

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Tort Claims Coordinator, US Postal Service 6310 N. University, Peoria, IL 61614; and Chief Counsel, Torts, General Law Service Center, USPS National Tort Center, 1720 Market Street, Rm 2400, St. Louis, MO 63155-9948 | Nolan Cloninger, 407 Arnold Road, East Peoria, IL 61611 c/o Steven Wakeman, Attorney for Claimant, 416 Main Street, Suite 915, Peoria, IL 61602 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 10/02/1989 | Single | 11/17/2015 | 9:15 a.m. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Claimant (pedestrian) was struck by U.S. mail truck driver, Deborah L. Springhart, and thrown approximately 100 feet, at location of 900 SW Washington Street, Peoria, IL (See attached, Exhibit 1, Illinois Traffic Crash Report)

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

None

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Claimant suffered severely fractured left leg, comminuted fractures of left tibia and fibula and low back injury.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Nolan Cloninger | 407 Arnold Road, East Peoria, IL 61611 |
| Deborah L. Springhart | 103 Jasmine, Washington, IL 61571 |
| Frank Mendoza | 1208 Dorchester |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| Not applicable | $500,000.00 | Not applicable | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | 309222-6028 | 01/06/2016 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

PLAINTIFF'S EXHIBIT A

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. |
| 15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No<br><br>Not applicable. I was a pedestrian. |

| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☒ Yes ☐ No<br><br>WC Claim Filed: 15 WC 041323, See attached Exhibit 2. Employer H3 Group, LLC, Peoria, IL | 17. If deductible, state amount.<br><br>Unknown |
|---|---|

| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). |
|---|
| WC Insurer is Cincinnati Insurance, PO Box 14596, Cincinnatti, OH 45250. Actions unknown at this time. |

| 19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No |
|---|

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

AMENDED

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Tort Claims Coordinator, USPS, 6310 N. University, Peoria, IL 61614; and Chief Counsel, USPS National Tort Center, 1720 Market Street, Rm. 2400, St. Louis, MO 63155-9948 | Nolan Cloninger, 407 Arnold Road, East Peoria, IL 61611 c/o Steven A. Wakeman, Attorney for Claimant, 416 Main Street, Suite 915, Peoria, IL 61602 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>10/02/1989 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>11/17/2015 | 7. TIME (A.M. OR P.M.)<br>9:15 a.m. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Claimant (pedestrian) was struck by US mail truck driver, Deborah L. Springhart, and thrown approximately 100 feet, at location of 900 SW Washington Street, Peoria, IL (See attached, Exhibit 1, IL Traffic Crash Report) previously furnished. Claim is being amended because of injuries/damages that were unknown at time original claim was filed. (See attached, medical report, Exhibit 3)

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

None

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Claimant suffered severely fractured left leg, comminuted fractures of the left tibia and fibula and low back injury. Claimant developed bone/blood infection secondary to treatment for leg fracture. Condition is subject to possible development of future infections, which could necessitate further extensive treatment.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Nolan Cloninger | 407 Arnold Road, East Peoria, IL 61611 |
| Deborah L. Springhart | 103 Jasmine, Washington, IL 61571 |
| Frank Mendoz | 1208 Dorchester |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| Not applicable | $1,500,000.00 | Not applicable | $1,500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | 309-922-6028 | 5-8-2017 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

PLAINTIFF'S EXHIBIT B

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE ||
|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. ||
| 15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No<br><br>Not applicable. I was a pedestrian. ||
| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☒ Yes   ☐ No<br><br>WC claim filed: 15 WC 041323, See attached Exhibit 2. Employer H3 Group, LLC, Peoria, IL (previously furnished with original filed claim) | 17. If deductible, state amount. |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).<br><br>WC Insurer is Cincinnatti Insurance, PO Box 14596, Cincinnati, OH 45250. Actions unknown at this time. ||
| 19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No ||

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK



December 14, 2016

Kungree Durree Wakeman & O'Donnell, Assoc.

Commerce Building

416 Main Street, Suite 915

Peoria, IL 61602-1166

RE: Our Client/Patient: Nolan Cloninger

DOB: 10-2-89

Reference your letter dated December 1, 2016 regarding likelihood or probability of Nolan developing a recurrent infection or osteomyelitis of his leg, unfortunately I am not aware of any scoring or probability model which will help me to predict percentage likelihood or probability of developing a recurrent infection or osteomyelitis of his leg.

Sincerely,

SHARJEEL AHMAD, MD, MPH, AAHIVS

OSF Medical Group – Infectious Diseases

723 NE Glen Oak Avenue

Peoria, IL 61603

EXHIBIT 3



**GREAT PLAINS**
ORTHOPAEDICS

303 N. WM. Kumpf Blvd, Peoria, IL 61605
**309.676.5546   309.676.5045 fax**
www.greatplainsortho.org

April 20, 2016

Mr. Steven Wakeman
Kingery, Durree, Wakeman & O'Donnell, Assoc.
416 Main Street, Suite 915
Peoria, IL 61602-1166

RE:   CLONINGER, NOLAN C
DOB: 10/02/1989

Dear Mr. Wakeman:

I will attempt to respond piecemeal to the requested information that the attorney has provided.

History of the incident giving rise to the medical care and treatment:

This is a 26-year-old male who was struck by a vehicle while at work. Apparently he was directing traffic while at work and was struck by a vehicle. He sustained a grade 2 open tibia fracture upon further evaluation, and that was on 11/17/2015. It was initially thought to be grade 1, but upon further surgical evaluation, the amount of stripping of the soft tissues actually dictated that it was grade 2. He did not have any gross neurologic injury. There was suspected to be contamination of that wound bed, although not gross contamination. I did not find significant dirt or debris, but certainly the wound would have had contact with the local environment, including his pants, possibly boots, and possibly the ground. My official diagnosis at that point would have been grade 2 open, displaced, comminuted left tibial shaft fracture, initial encounter. That is the official ICD-10 diagnosis.

Because it was an open fracture, we proceeded urgently to the operating room. He had come in, in the morning, and he received prophylactic antibiotics as prescribed for open fractures. We then proceeded with operative debridement on 11/17/2015. Please refer to the operative notes for 11/17/2015. The definitive treatment was performed at that point. The incision had to be extended to allow for access to the fracture site through a debridement, and irrigation was performed at that point. The wound was primarily closed because there was not gross contamination as per standard of care.

Postoperatively, he received cefazolin for 48 hours per standard recommendations for open fractures, as well as standard pain medication regimen. He was discharged from the hospital on 11/24/2015.

To summarize notes, I saw him on 12/02/2015. He says that overall he was doing okay. He was still having some swelling and pain. The stitches were left as a precautionary measure. The wound looked fine at that point. He was having some knee pain at that time. He continued to have some knee pain, so we eventually

*Mark R. Phillips, MD   James W. Maxey, MD   Brian Ted Maurer, MD   Jeffrey R. Garst, MD*
*Stephen R. Orlevitch, MD   Steven K. Below, MD   Piero Capecci, MD   Richard P. Driessnack, MD*
*Jason M. Anane-Sefah, MD   MaryElizabeth T. Rashid, MD   Robert A. Kinzinger, MD   Clark B. Rians, MD*



**GREAT PLAINS**
ORTHOPAEDICS

303 N. WM. Kumpf Blvd, Peoria, IL 61605
309.676.5546   309.676.5045
www.greatplainsortho.org

Page 2 of 3
RE: CLONINGER, NOLAN C
DOB: 10/02/1989
04/20/2016

ordered an MRI (that was on 12/30/2015) to verify that there was no intraarticular injury of his left knee. The MRI ended up being negative for any significant injury.

His knee pain improved. He continued to have scabbing along the distal end of his incision. I saw him on 01/20/2016, and there was a small amount of purulence underneath that at that point. It was suspected to be osteomyelitis. My intent at that point was to achieve consolidation of the fracture site with standard suppression techniques, so we proceeded with a debridement of the left tibia on 01/21/2016. We debrided and partially excised some of the local soft tissues in an attempt to eradicate the local soft tissue infection. He underwent a course of I.V. antibiotics through a PICC line, as well as a course of oral antibiotics, which is now complete. Please refer to his infectious disease physician for details regarding the duration and details of the antibiotic management.

I last saw him on 04/14/2016, 12 weeks status post debridement of the tibia and 21 weeks status post the intramedullary nailing and initial treatment. He says at this point that he is doing pretty well. He still has some occasional pain. He cannot jog, and he feels like his exercise tolerance is limited compared to before.

At this point, I told him that there is no guarantee that the presumed osteomyelitis will not return. The one thing that he has going for him is the fact that we do not find evidence of methicillin-resistant Staphylococcus aureus. However, sometimes osteomyelitis can pop back up even years later after a presumably normal healing course and no evidence of any problems.

The x-rays at today's visit show significant interval consolidation or healing across the bone fracture site, so that is certainly encouraging.

I do not anticipate that he would have significant trouble with arthritis in either his knee or his ankle as a result of this injury, although I suppose that is a possibility. I do not see a specific intraarticular injury that would predicate the development of arthritis. However, my big concern is that I would not say definitively that the fracture is healed, although there is significant interval consolidation, and there is always the possibility that he could have a subtle nonunion or that the osteomyelitis may come back even years or even decades from now. I do not have an ability to place a percent chance likelihood on any of those possibilities. Certainly the longer we go without problems is a positive development, but that does not define success. We will continue to observe him for evidence of healing, as well as the possibility of infection. If he develops any problems in the interval, he should come back and see us right away.

As an aside, if he were to develop recurrent infection at this point, I would suggest (since we have already tried the local debridement and suppression route) that we would proceed with removal of the intramedullary nail and placement of antibiotic spacer. Sometimes that even involves multiple procedures because the rod can be



**GREAT PLAINS ORTHOPAEDICS**

303 N. WM. Kumpf Blvd, Peoria, IL 61605
**309.676.5546   309.676.5045**
www.greatplainsortho.org

Page **3** of **3**
RE: CLONINGER, NOLAN C
DOB: 10/02/1989
04/20/2016

colonized and the antibiotic rods only elute antibiotics for up to six weeks. If the infection is evident past six weeks, then it is presumed that the antibiotic rod is no longer effective.

Sincerely,


Robert A. Kinzinger, MD
RAK:aak (NO)

D: 04/20/2016 9:37 AM
T: 04/22/2016 11:15 AM
DID: 30475855

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES
POSTAL SERVICE

CERTIFIED NO. 7001 2510 0007 0877 4696
RETURN RECEIPT REQUESTED

December 21, 2017

Steven Wakeman
Attorney at Law
416 Main Street
Commerce Bank Building, Suite 915
Peoria, IL  61602-1166

Re:   Your Client:         Nolan Cloninger
      Date of Incident:    November 17, 2015

Dear Mr. Wakeman:

This is in reference to the administrative claim you filed on behalf of your above-referenced client under the provisions of the Federal Tort Claims Act as a result of injuries allegedly sustained on November 17, 2015.

In considering your claim, we evaluated the information available to us regarding your alleged damages.  However, the amount of money you are demanding far exceeds the value the Postal Service places on this case.  Accordingly, your administrative claim is denied on the grounds that we were not able to reach a mutually satisfactory settlement of this claim.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action.  Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above.  Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. §

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO  63155-9948
TEL:  314/345-5820
FAX:  314/345-5893


PLAINTIFF'S
EXHIBIT
C

- 2 -

2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

*[signature]*

Ann Mandernach
Tort Claims Examiner/Adjudicator
Tel: 314/345-5847

cc:  Toyce Price – Tort Claims Coordinator
     File No. 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a